UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Raymond L. Carter, #252159, | ) | C/A No.  4:10-3167-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Raymond L. Carter, Jr., brings this action pursuant to 28 U.S.C. § 2254 challenging his state court conviction and life sentence for murder and other charges. Although petitioner captions his initial pleading as "Rule 60(b) Relief from Judgment," the action is attacking his state court conviction and the Magistrate Judge has properly construed this as a petition under § 2254.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he opines that the petition is successive and the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Magistrate Judge recommends dismissal of the action without prejudice. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Recommendation, which was entered on the docket on March 18, 2011. Petitioner filed timely objections wherein he laments about the procedural hurdles he has endured which have prevented him from filing his writ of habeas corpus any sooner than the date in which the court received it. Contrary to the petitioner's objections, the question is not whether equitable tolling may be applied to the filing of this second action, but whether petitioner actually sought and received permission to file a successive § 2254 petition.

Petitioner's first § 2254 petition in this federal district court in 2002 challenged his state court conviction for murder. *See Carter v. Rushton*, C/A No. 4:02-4133-HMH. As the petitioner has not received permission from the Fourth Circuit to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this action is dismissed without prejudice as a successive § 2254 petition and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

April 11, 2011
Columbia, South Carolina

2